MCVEY & PARSKY, LLC
Michael N. Giacopelli ID# 01352008
466 Southern Boulevard
Washington Building, 1st Floor
Chatham, NJ, 07928
Tel: (973) 520-4340
*Attorneys for Defendant Home Depot U.S.A., Inc. i/s/a THE HOME DEPOT, USA*

| | |
|---|---|
| VINCENT LEPORINO,<br><br>     Plaintiff(s),<br><br> v.<br><br>THE HOME DEPOT USA, ABC CORP. I-X and JOHN DOES I-X (owner(s), tenant(s) or other entity or persons responsible for the maintenance of the property commonly known as The Home Depot located at 3100 Hamilton Boulevard, South Plainfield, New Jersey 07080 and/or other entities or individuals responsible for snow/ice removal at property commonly known as The Home Depot, as aforementioned),<br><br>     Defendant(s). | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Docket No. 22-cv-2061<br><br>**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY:**

  **PLEASE TAKE NOTICE** that Defendants HOME DEPOT USA, INC. i/s/h/a THE HOME DEPOT USA ("Home Depot"), hereby submits this Petition for Removal, with full reservation of all defenses, from the Superior Court of the State of New Jersey, County of Middlesex, to the United States District Court, District Court of New Jersey in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

    **PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION**

  1. This action was commenced against THE HOME DEPOT USA, ABC COMPANY, 1-10 and JOHN/JANE DOES 1-10., in the Superior Court of the State of New Jersey, County of

Middlesex, with the Docket Number MID-L-006674-21 and was electronically filed November 18, 2021.

2. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

3. In his Complaint, Plaintiff alleges personal injuries from an alleged fall, which occurred on January 19, 2020 at the Home Depot located at 3100 Hamilton Boulevard, South Plainfield, New Jersey 07080. Plaintiff alleges that defendant's premises was carelessly and negligently owned, leased, managed, maintained, operated, and/or controlled said premises such that the premises were dangerous and unsafe and the plaintiff was caused to fall thereupon. **Exhibit "A"**

4. On November 30, 2021 Home Depot was served and the Affidavit of Service was filed on December 6, 2021. **Exhibit "B"**

5. On March 23, 2022 Home Depot filed an Answer to the Plaintiff's Complaint. **Exhibit "C"**

## DIVERSITY JURISDICTION IS PROPER

6. No further proceedings have been had in the Superior Court of the State of New Jersey, Middlesex County, as of the date of the filing of this Petition for Removal.

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant.

## DIVERSITY EXISTS

8. This firm represents Defendant HOME DEPOT U.S.A., INC. in this action.

9. At the time that this action was filed, Home Depot U.S.A, Inc., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

10. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Defendant is not a citizen of the State of New Jersey.

11. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New Jersey with a residence in the County of Middlesex. **Exhibit "A"**

12. The "John/Jane Does 1-10" and "ABC Corporation 1-10" defendants do not affect diversity under 28 U.S.C. §1441, which provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. §1332(a)], *the citizenship of defendants sued under fictitious names shall be disregarded.*" 28 U.S.C. § 1441(b)(1) (Emphasis added). "[T]here is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal 'the citizenship of defendants sued under fictitious names shall be disregarded." *Brooks v. Purcell,* 57 Fed. Appx. 47, 50 (3d Cir. 2002); see also *Gilbert v. Stepan Co.*, F. Supp. 2d 325, 330 (D.N.J. 1998).

13. There is complete diversity of citizenship between the parties to this action.

14. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. It is reasonably probable that Plaintiff seeks recovery for an amount in excess of $75,000, exclusive of interest and costs. Plaintiff alleges that as a direct and proximate result of the carelessness and negligence of the defendant(s), as aforesaid, the plaintiff sustained severe

personal injuries, has and will suffer pain, has and will incur medical expenses, and has and will be unable to engage in his usual occupation, duties, and activities, all to his damage. **Exhibit "A"**

16. On March 28, 2022, Plaintiff made a demand in the amount of $1 million in his Statement of Damages. **Exhibit "E"**

17. Defendant submits that the allegations in the Complaint and the Plaintiff's demand made on March 28, 2022, proves to a "reasonable probability" that the claim is in excess of [$75,000]. *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

18. Defendant reserves its right to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## **REMOVAL IS TIMELY**

19. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

20. Defendant learned of Plaintiff's demand, a value that exceeded the jurisdictional threshold, on March 28, 2022. The petition is filed within 30 days of service and within one year of the filing of the initial pleadings. Removal is timely.

## NOTICE

21. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Superior Court of the State of New Jersey, County of Middlesex County.

## VENUE IS PROPER

22. The United States District Court for the DISTRICT OF NEW JERESEY includes the county in which the state court action was pending (Middlesex County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

23. Defendant reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24. Defendant reserves the right to amend or supplement this Petition for Removal.

25. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Superior Court of the State of New Jersey, County of Middlesex, Docket No. MID-L-006674-21 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, District of New Jersey. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., i/s/h/a THE HOME DEPOT INC., prays that this cause of action now pending in the Superior Court of the State of New Jersey, Middlesex County, be removed to the United States District Court, District of New Jersey.

Dated: April 8, 2022

                                      MCVEY & PARSKY, LLC

                                      By:
                                          *Michael N. Giacopelli*
                                          Michael N. Giacopelli
                                          *Attorney for Defendant*
                                          HOME DEPOT U.S.A., INC. i/a/h/a
                                          THE HOME DEPOT USA
                                          466 Southern Boulevard
                                          Washington Building, 1st Floor
                                          Chatham, NJ 07928
                                          973-520-4340

TO:

Frank Lazzaro
Lutz, Shafranski, Gorman & Mahoney, P.A.
77 Livingston Avenue, PO Box 596
New Brunswick, NJ 08903

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, hereby certifies that he caused the ***PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY and RULE 7.1 DISCLOSURE*** to be served on Friday, April 08, 2022 via CM/ECF upon the attorneys of record for all parties.

                                  MCVEY & PARSKY, LLC

**By:**    *Michael N. Giacopelli*

        Attorneys for Defendants
        *HOME DEPOT U.S.A., INC.i/s/h/a*
        *THE HOME DEPOT, USA*
        466 Southern Boulevard
        Washington Building, 1st Floor
        Chatham, NJ 07928